IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ESMERALDA VELASCO,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | EP-24-CV-00012-DB |
| WALMART INC., d/b/a Walmart<br>Neighborhood Market #4415<br>    Defendant. | §<br>§<br>§ | |

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

### I.    INTRODUCTION

On this day the Court considered Plaintiff Esmeralda Velasco's ("Plaintiff")

"Motion to Remand, Response in Opposition to Defendant's Notice of Removal, and In the

Alternative, Motion to Enter *Sua Spone* (sic) Order," ("Motion") filed on January 26, 2024, ECF

No. 5[1].  In her Motion, Plaintiff requests that this Court "remand this case to the County Court at

Law Number Three,[2] in El Paso County, Texas or in alternative, Plaintiff prays that the court

consider its jurisdiction and the necessity to remand *sua sponte*, and remand this case." *Id.* at 12.

Plaintiff's primary reason for requesting that the case be remanded back to the state court is

because she claims that Defendant failed to remove the case to federal court in a timely manner.

*Id.* at 1.  In its "Response to Plaintiff's Motion to Remand, Response in Opposition to

Defendant's Notice of Removal, and in the Alternative, Motion to Enter *Sua Spone* (sic) Order"

("Resp."), Defendant Walmart, Inc. ("Defendant") argues that Plaintiff failed to give Defendants

---

[1] "ECF No." refers to the Electronic Case Filing ("ECF") number for documents docketed in this matter. When a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[2] The Court notes the instant case was not actually filed in County Court at Law Number 3 in El Paso County, Texas, but was instead filed in the 205th District Court in El Paso County, Texas.

adequate notice of the true dollar amount of her case within the required time period for timely removal. *Id.* at 2—3. After careful consideration, such Motion should be **DENIED**, and this Court shall retain jurisdiction.

## II.    BACKGROUND

The allegations of the underlying cause of action are as follows: Plaintiff Esmeralda Velasco filed her lawsuit against Defendant Walmart, Inc. in the 205th District Court in El Paso County, Texas, on August 24, 2022. "Plaintiff's Original Petition and Jury Demand" ("Original Pet."), Ex. A, ECF No. 1. Plaintiff claims that she suffered "injuries and damages . . . on or about November 23, 2020 . . . at Walmart Neighborhood Market #4415, located at 8115 N. Loop Dr., El Paso, TX 79907." *Id.* at 2.

Plaintiff claims that on the date in question, Defendant's employee was "negligently utilizing a pallet jack to move a pallet near Plaintiff." *Id.* She then claims that "she suddenly without any notice tripped over the pallet jack and fell into a pallet display." *Id.* at 3. Plaintiff says that she sustained injuries to her "forehead, scalp, face, left wrist, arm, neck, and other parts of her body" as a result of this sudden trip and fall. *Id.* She alleges that Defendant is vicariously liable for her injuries and damages under "the doctrine of *respondeat superior*[3]." *Id.* at 3. She further alleges that Defendant "owed her a duty of reasonable care, and Defendant's breach of such duty was a proximate cause of Plaintiff's injuries and damages." *Id.* at 4. Finally, Plaintiff alleges that Defendant was negligent in its hiring of the employee who "recklessly and negligently cause[d] harm to . . . Plaintiff" and also alleged that Defendant failed "to train and

---

[3] "The doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency." Respondeat superior, Black's Law Dictionary (12th ed. 2024).

supervise the employee[] and such failures proximately caused Plaintiff's injuries and damages."
*Id.* at 5—6.

In her original petition, Plaintiff included the following stipulation under the "Damages to Plaintiff" section: "In compliance with the pleading requirements of *Tex.R.Civ.P.* 47(c), Plaintiff seeks monetary relief of no more $74, 500.00 exclusive of interest and costs. The amount in controversy in this case does not exceed the value of $74,500 exclusive of interest and costs." *Id.* at 6. She repeats this exact stipulation in the section entitled "Relief Requested." *Id.* at 7. Defendant filed its answer on September 30, 2022, also in the 205th District Court in El Paso County, Texas. "Defendant Walmart, Inc. D/B/A Walmart Neighborhood Market #4415's Original Answer" ("Original Answer"), Ex. B, ECF No. 1. At the time of the filing of Defendant's Original Answer, the case remained in state court.

On December 16, 2023, more than a year after litigation in this case had started, and after an apparent mediation, Plaintiff sent to Defendant a "Confidential Demand Communication for Settlement Purposes Only" ("Demand Letter"), in which Plaintiff makes "a demand of the lesser of $800,000 or policy limits to settle her claims" against Defendant. Notice, Ex. C, ECF No. 1.[4] Three days later, on December 19, 2023, Plaintiff tendered her "First Amended Petition" ("Am. Pet."), Ex. D, ECF No. 1. In her Amended Petition, Plaintiff alleged the same causes of action as in the original petition, but increased her damages and relief requested to "an amount over $1,000,000." *Id.* at 6—7. At this point, there was complete diversity between the parties,

---

[4] The Court would like to point out that the confidential demand letter is dated December 16, 2022, not December 16, 2023. However, both parties state that this letter was sent out on December 16, 2023. *See* Plaintiff's Motion to Remand 9, ECF No. 5; *see also* Defendant Walmart, Inc's Notice of Removal 4, ECF No. 1. Because this date is uncontroverted by the parties, the Court finds that the letter should have been dated December 16, 2023, not 2022, and finds that the date of the mediation was December 16, 2023, not 2022.

because Plaintiff is a citizen of Texas, living in El Paso County, and Defendant is a citizen of both Delaware (where it is incorporated) and Arkansas (where its principal place of business is located). Defendant Walmart, Inc.'s Notice of Removal ("Notice") 6, ECF No. 1. And, the amount in controversy was also satisfied as Plaintiff was now requesting "monetary relief of more than $1,000,000." *Id.*; *see also* Am. Pet. 6—7, Ex. C, ECF No. 1.

Shortly after Defendant removed the case to federal court on January 11, 2024, Plaintiff filed her "Motion to Remand, Response in Opposition to Defendant's Notice of Removal, and in the Alternative, Motion to enter Sua Spone (sic) Order," ECF No. 5, filed on January 26, 2024. In her Motion, Plaintiff argues that Defendant untimely removed the case to federal court. Specifically, Plaintiff argues that "Defendant failed to remove the action within thirty days of receipt of other paper from which it may first be ascertained that the case was removable, and outside the 'one year bar' deadline," Mot. 4, ECF No. 1. She further argues that her original petition did not contain a "binding stipulation." *Id.* at 9. And finally, she argues that Defendant should be time-barred from removing the case to federal court because "Defendant failed to timely file notice of removal within one year of the commencement of the action." *Id.* at 10.

Defendant in turn argued that its removal "was not untimely because it was filed within 30 days of Plaintiff's "other paper" that clearly and unequivocally stated that Plaintiff's damages were beyond $75,000." Resp. 5, ECF No. 6. Defendant also argued that "[b]ad faith exists to justify tolling Defendant's removal after one year from the date of the filing of plaintiff's original petition." *Id.* at 10. Finally, Plaintiff filed her "Reply in Support of Her Motion to Remand," ECF No. 7, on February 12, 2024. In her Reply, Plaintiff mainly argues that the burden to meet

4

bad faith is high, and "Defendant failed to offer any evidence of deliberate actions sufficient to meet" that high burden."  Reply 2, ECF No. 7.

The Court agrees with Plaintiff that the burden to meet bad faith is high, but ultimately finds that Plaintiff acted in bad faith when she failed to disclose the true value of her case until after the one-year mark had passed in which the Defendant could timely remove to federal court. The Court will now address the various arguments in turn.

### III.    LEGAL STANDARDS

#### A.    Federal removal jurisdiction and timeliness

At the outset, the Court recognizes that "[f]ederal courts are of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Cases may be filed in federal court under either federal question or diversity jurisdiction. *Energy Mgmt. Servs., L.L.C. v. City of Alexandria*, 739 F.3d 255, 258–59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369). If a case is to be filed under the federal court's diversity jurisdiction, there must be diversity of citizenship among the parties involved and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a); *see also Ayres v. Sears*, 571 F.Supp.2d 768, 772 (W.D. Tex. 2008).

"When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court . . . provided that no defendant is a citizen of the State in which such action is brought." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (internal quotations omitted).  And with regard to venue, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 18 U.S.C. § 1441(a). For removal to be proper to federal court, the amount in controversy must be greater than $75,000 and there must be complete diversity of the parties. *Ayres*, 571 F.Supp.2d at 772.

"[D]efendants do not need to prove to a *legal certainty* that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (citing H.R. Rep. No. 112–10, p. 16 (2011)) (emphasis added). However, the "removing defendant is always required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 210 (5th Cir. 2002) (internal citations omitted).

Defendants may not remove a case to federal court at *any* time. Generally, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3). "In a case not originally removable, a defendant who receives a pleading or other paper indicating the post-commencement satisfaction of federal jurisdictional requirements--for example, by reason of the dismissal of a

nondiverse party--may remove the case to federal court within 30 days of receiving such information." *Caterpillar*, 519 U.S at 68—69.

A general limitation of a defendant's ability to remove based on diversity jurisdiction is that "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement'of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The Court will discuss the issue of bad faith in greater detail in subsequent sections.

Because the timing of removal is the key issue in the instant case, the Court will take the time and care to discuss this issue in depth.

### i.   30-day removal period limitation

A defendant has a limited time period in which they may remove a case to federal court. The first deadline is 30 (thirty) days. "[T]he second paragraph of Sec. 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an 'other paper' from which the defendant may first ascertain that the case is removable." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). "[T]he thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the 'other paper' revealing that the case is removable." *Id.* "In essence, when read as a whole, Sec. 1446(b) provides a two-step test for determining whether a defendant timely removed a case." *Chapman*, 969 F.3d at 161. The first step considers whether the case is immediately removable. *Id.* The second step considers whether a case may be removable despite not being removable at its inception. Both, however, set a limitation that the "notice of removal must be filed within thirty days." *Id.*

ii. **Meaning of Ascertain**

Courts do not hold defendants to such a high standard that they must be mind-readers so as to figure out when and whether a case may be removable to federal court. The Fifth Circuit "rejected a due diligence requirement for determining whether a case is removable, insisting that the defendant's subjective knowledge cannot convert a case into a removable action." *Bosky*, 288 F.3d at 210 (internal citations omitted). For a defendant to know when and whether to remove a case to federal court, the law uses the phrase "ascertain." 28 U.S.C. 1446(b)(3). Higher courts have discussed at length the term "ascertain" as it relates to the notice a defendant receives when deciding whether to remove a case to federal court. *See Bosky*, 288 F.3d at 211. "Ascertain means to make certain, exact or precise, or to find out or learn with certainty." *Id.* Further, "Webster's New Collegiate Dictionary (1975) defines the term 'ascertain' as 'to find out or learn with certainty'." *Id.* "Thus, 'ascertain' requires a greater level of certainty or that the facts supporting removability be stated unequivocally." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 608 (5th Cir. 2018).

iii. **Other papers**

In addition to specifying the knowledge requirement for defendants who wish to remove a case to federal court, 28 U.S.C. 1446(b)(3) also states the type of documents that may give defendants notice: "other paper[s]". Lower courts have held that a "post-complaint demand letter" and "[d]iscovery responses, including responses to requests for admissions qualify as an "other paper" under the statute. *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000); *Carmadelli v. Wal-Mart Stores, Inc.*, 545 F.Supp.2d 595, 599 (W.D. Tex.2008). "Other paper[s]" can also include documents "wholly absent from the state court proceedings."

*Fernando Garcia v. MVT Services, Inc.*, 589 F.Supp.2d 797, 802 (W.D. Tex. 2008). Whatever the

paper or document, however, it "requires a voluntary act by the plaintiff." *S.W.S. Erectors, Inc. v.*

*Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

    iv.    **One-year limitation**

        Finally, and directly at issue in the instant case, is the one-year limitation for removal to

federal court. In cases removable on the basis of diversity jurisdiction, a case may not be

removed "more than 1 year after commencement of the action, unless the district court finds that

the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28

U.S.C. § 1446(c)(1). It is important to examine why there is a one-year limitation for removal of

cases to federal court. "When adding 1446(c)(1), Congress was primarily concerned with late

removals of cases that had already made considerable progress in state courts." *Chong v. Sunrise*

*Restaurants*, LLC, No. EP-22-CV-00365-FM, 2023 WL 2612612 at *1,*4 (W.D. Tex. Mar. 23,

2023). Notwithstanding this objective, "Congress did not intend plaintiffs, through gimmicks

and artful maneuvering used in connection with the one-year bar to removal, to straightjacket or

deprive nonresident defendants of their legitimate entitlements to removal." *Dyer v. Capital One*

*National Association*, No. 4:20-CV-4230, 2021 WL 3813367 at *3 (S.D. Tex. Aug. 23, 2021).

    **B.**    **Bad faith exception**

        The second issue the court addresses is whether there was bad faith in Plaintiff's

pleadings. The only exception to the one-year limitation to removal is finding that the plaintiff

engaged in bad faith. "Under the one-year removal bar, a case may not be removed under the

diversity jurisdiction statute more than one year after the case's commencement unless the

district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action" *Dyer*, 2021 WL 3813367 at *3 (internal citations omitted).

"This bad faith standard was added by the Federal Courts, Jurisdiction, and Venue Clarification Act of 2011." *Ralston v. Sherwin-Williams Company*, No. 2:20-CV-64, 2020 WL 3048159 at *3 (S.D. Tex. June 8, 2020) (internal citations omitted). "Ultimately, courts must make the determination of bad faith on a case-by-case basis, and must balance this equitable exception to the one-year limitation on removal with the general rule in favor of remand." *Lujan v. Alorica, Inc.*, No. EP-15-CV-355-KC, 2016 WL 8857008 at *5 (W.D. Tex. May 24, 2016) (internal citations omitted).

The Fifth Circuit, however, has not clearly articulated what constitutes bad faith nor "the standard to apply in determining what constitutes such bad faith." *Ralston,* 2020 WL 3048159, at *3. Courts have held that "[c]onduct rises to the level of 'bad faith' when a party makes a transparent attempt to avoid federal jurisdiction." *Lujan*, 2016 WL 8857008, at *5. Such as in situations "where plaintiffs seek to amend their complaints after the one-year removal window has expired to claim damages more than $75,000[.]" *Dyer,* 2021 WL 3813367, at *3. "Bad faith is imputed when the court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal." *Vallecillo v. Wells Fargo Home Mortgage Financial, Inc.*, No. 5:16-CV-935-DAE, 2017 WL 9935522 at *2 (W.D. Tex. Sept. 18, 2017) (citing 28 U.S.C. § 1446(b)(1)). Bad faith can similarly "be inferred from amendment outside of the statutory bar." *Id.* at *3. "Although not an exclusive example, §1446 notes that if a plaintiff "deliberately failed to disclose the actual amount in controversy to prevent removal, that finding

shall be deemed bad faith." *Hernandez v. State Farm Lloyds*, No. DR–16–CV–164–AM/CW, 2017 WL 8131570 at *2 (W.D. Tex. Sept. 19, 2017).

### C.    Texas Law and Binding Stipulations

Another issue raised by the parties is whether Plaintiff's original petition and the amount in controversy that she requested, which was below the federal jurisdictional threshold amount, is binding on Plaintiff. Because this case was originally filed in Texas state court, this Court looks to the Texas Rules of Civil Procedure for guidance.

"Texas law permits a plaintiff to amend his petition to request an increased amount of damages at any time before a final judgment is entered, even after a jury verdict." *Chong,* 2023 WL 2612612, at *5. "Nothing indicates that Texas has any rule that limits a plaintiff's recovery to an amount asserted in the original petition or complaint." *Medina v. Allstate Vehicle and Property Insurance Company*, 458 F.Supp.3d 591, 595 (W.D. Tex. 2020). However, if a plaintiff wants to avoid "being in federal court," they may file with their state petition "a stipulation or affidavit limiting their recovery to an amount below the amount needed for federal diversity jurisdiction." *Id.* (quoting *Wilson v. Hibu Inc.*, No. 3:13-CV-2012-L, 2013 WL 5803816, at *5— 6 (N.D. Tex. Oct. 28, 2013).

"The vital feature of a judicial admission is [that it] is universally conceded to be its conclusiveness upon the party making it." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (internal citations omitted). Because Texas rules give plaintiffs considerable latitude to amend a petition, a judicial admission ceases to be binding "if abandoned, superseded, or amended." *Ford v. United Parcel Service, Inc.*, No. 3:14-CV-1872-D, 2014 WL 6491446 at *2 (N.D. Tex. Nov. 20, 2014). Therefore, while a plaintiff's allegations are binding at the time of

11

the filing the original petition, "they will cease to be 'conclusive and indisputable judicial admissions if [the Plaintiff] chooses to amend or supersede [their] petition." *Id.*

### D.    Remand

As mentioned previously, federal courts have limited jurisdiction. "Removal statutes are to be construed strictly against removal and for remand." *Bosky*, 288 F.3d at 211. "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). "The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case." *Fernando Garcia*, 589 F.Supp.2d at 800 (citing to 28 U.S.C. Sec. 1447(c)). However, "[i]f a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is 'legally certain that his recovery will not exceed' the jurisdictional threshold." *Wilson*, 2013 WL 5803816, at *2.

## IV.    ANALYSIS

### A. The parties are completely diverse, and Defendant properly removed within 30 days of the case becoming removable

The first issue the Court addresses is whether there is complete diversity of citizenship between the parties, and whether the case was removed within 30 days of becoming removable. "Diversity jurisdiction requires (1) a complete diversity of citizenship among the parties, and (2) an amount in controversy in excess of $75,000." *Carmadelli*, 545 F.Supp.2d at 598. 28 U.S.C Sec. 1446(b) governs the time period during which a case may be removed from state court to federal court. "[T]he second paragraph of Sec. 1446(b) requires that the defendant remove the

case, if at all, within 30 days after receipt of an 'other paper' from which the defendant may first ascertain that the case is removable." *Chapman,* 969 F.2d at 164. "[T]he thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the 'other paper' revealing that the case is removable." *Id.*

The parties do not dispute complete diversity of citizenship. Plaintiff is a citizen of Texas, living in El Paso County, and Defendant is a citizen of both Delaware (where it is incorporated) and Arkansas (where its principal place of business is located). Notice 6, ECF No. 1. Therefore, the Court finds that the parties are completely diverse.

The issue in this case lies at the intersection of the amount in controversy element and the one-year removal bar in diversity jurisdiction cases. Plaintiff filed her original petition in state court on August 24, 2022. In Plaintiff's original petition, she requested "monetary relief of no more [than] $74,500 exclusive of interests and costs," and asserted the amount in controversy in this case did not exceed this value. Orig. Pet. 7, Ex. A, ECF No. 1. At the time of initial filing, this Court did not have jurisdiction because the amount in controversy did not exceed the $75,000 threshold.

On January 11, 2024, Defendant removed the case to federal court following an increase in the amount in controversy. Notice, ECF No. 1. Plaintiff argues that Defendant failed to remove in a timely manner, and that there were four instances before the time of removal in which Defendant could have removed the case but chose not to. The Court disagrees with Plaintiff on all points in time in which she believes Defendant could have removed to federal court and will address each argument in turn.

First, Plaintiff claims that "[o]n December 2, 2022 [Plaintiff] produced her initial disclosures and medical records to Defendant wherein she stated that despite having medical bills totaling $31,348.09, she continued to suffer from pain in her right shoulder and left wrist and suffered from physical impairments that would need surgical intervention." Resp. 4, ECF No. 5. She argues that "[o]n January 2, 2023, the thirty-day deadline to remove passed." *Id.* Second, Plaintiff filed her "Notice of Intent to use medical records of Dr. Bradley Hubbard and Dr. Aimee Schimizzi" on December 21, 2022. Resp. 5, ECF No. 5. Plaintiff claims that the second 30-day deadline for removal passed on January 20, 2023, after the notice she provided to the Defendant. *Id.* Third, Plaintiff also claims that at a deposition on August 10, 2023, she "testified that she continued to have pain and suffer from injuries and needed additional medical treatment, including surgery." *Id.* She states that her "deposition testimony put Defendant on notice of future surgeries to correct her scar and her left wrist fracture." *Id.* Finally, on September 11, 2023, the fourth and final 30-day deadline to remove passed[5]. *Id.* Plaintiff claims that all of these disclosures made to Defendant would qualify as "other papers." *Id.*

Defendant, on the other hand, argues that its removal was timely. Plaintiff submitted her Demand Letter on December 16, 2023, in which Plaintiff makes "a demand of the lesser of $800,000 or policy limits to settle her claims" against Defendant. Demand Letter, Ex. C, ECF No. 1. On December 19, 2023, just three days later, Plaintiff filed her First Amended Petition in which she requested damages of "monetary relief of more than $1,000,000." Am. Pet., Ex. D,

---

[5] The Court would like to note that this argument that Plaintiff herself puts forth is indeed outside of the 1-year limitation on removal to federal court.

ECF No. 1.  Defendant then removed the case to federal court on January 11, 2024.  Notice, ECF No. 1.

The Court fundamentally disagrees with the way in which Plaintiff has calculated her time, specifically the various 30-day tolling periods.  The statute clearly states that the clock begins to run "within thirty days after receipt by the defendant . . . [an] other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  As previously discussed, "ascertain" is a high standard to meet.  "Ascertain means to make certain, exact or precise, or to find out or learn with certainty."  *Bosky*, 288 F.3d at 211.  Further, "Webster's New Collegiate Dictionary (1975) defines the term 'ascertain' as 'to find out or learn with certainty'."  *Id*.  Thus, "ascertain" requires a greater level of certainty or that the facts supporting removability be stated unequivocally."  *Id*.  At no point prior to December 16, 2023 did Plaintiff unequivocally state an amount in controversy above the $75,000 threshold for diversity jurisdiction.

Plaintiff's arguments imply a defendant must engage in a guessing game to anticipate whether the amount in controversy exceeds the $75,000 threshold. In this case, Plaintiff argues Defendant should have known that because she had continued to experience pain and suffering, and plans to get more surgeries in the future, that the amount in controversy is necessarily greater than $75,000.  That is not the rule.  While Plaintiff's prior disclosures on December 2, 2022, December 20, 2022, and August 10, 2023, may indeed constitute "other papers", they surely do not qualify as giving Defendant unequivocal notice that is required by statute.  The first disclosure explicitly gives a dollar amount of $31,348.09, well below the federal jurisdictional threshold.  The second and third disclosures are extremely vague and unhelpful in determining a

15

dollar amount. In fact, this guessing game that Defendant finds itself playing is so patently offensive, the Fifth Circuit has even rejected a "due diligence requirement" for defendants "for determining whether a case is removable, insisting that the defendant's subjective knowledge cannot convert a case into a removable action." *Bosky*, 288 F.3d at 210. Simply put, Plaintiff did not give Defendant adequate and unequivocal notice of the dollar amount exceeding $75,000 at any point in time which she cites, nor at any point before the one-year limitation for removal to federal court passed.

The Court also finds that Defendant has met its burden of proof, proving by a "preponderance of the evidence that the amount in controversy exceeds $75,000," within 30 days of the case becoming removable. *Bosky*, 288 F.3d at 210. Defendant provided evidence of the Demand Letter requesting $800,000 in damages, and evidence of the First Amended Petition, requesting upwards of $1 million in damages. *See* Demand Letter, Ex. C, ECF No. 1; *see* Am. Pet., Ex. D, ECF No. 1. At the time of removal on January 11, 2024, there was complete diversity of the parties, and the amount of controversy was well above $75,000.

For the reasons discussed above, the Court did have jurisdiction at the time of removal because Defendant did plead within thirty days of unequivocally receiving notice of the true dollar amount that Plaintiff was seeking.

### B. Removal is not barred by the one-year rule because Plaintiff engaged in bad faith

The instant case was filed in the 205th District Court in El Paso County, Texas, on August 24, 2022. Original Pet., Ex. A, ECF No. 1. Defendant filed its Notice of Removal on January 11, 2024. Notice, ECF No. 1. Generally, a case may not be removed based on diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds

16

that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). There is no disputing that Defendant removed the case well outside the one-year limitation to removal to federal court. However, the Court finds the bad-faith exception applies because Plaintiff engaged in bad faith tactics in order to prevent the Defendant from being able to timely remove the case to federal court within the one-year limitation.

"Courts routinely find bad faith where plaintiffs seek to amend their complaints after the one-year removal window has expired to claim damages more than $75,000[.]" *Dyer*, 2021 WL 3813367, at *3. In *Dyer*, the court found that plaintiff had engaged in bad faith tactics to prevent removal to federal court when she "waited just over three months after the one-year removal window had run to amend her pleading increasing the damages sought by nearly three times to as much as fourteen times greater than the amount she was previously seeking." *Id.* at *4. The plaintiff in *Dyer* also offered "no credible rationale for the timing of this drastic increase." *Id.* In the instant case, Plaintiff waited just over one year and four months after the one-year removal window had run to amend her pleading, increasing the damages sought by nearly fourteen times[6].

In *Chong*, the court stated that "pleading an amount in controversy under the jurisdictional amount—when the evidence shows that it should have been over—is de facto bad faith." 2023 WL 2612612, at *4.[7] In the instant case, Plaintiff all but admits that she knew the amount in controversy was over the jurisdictional limit multiple times throughout the litigation

---

[6] Plaintiff increased her damages request from $74,500 to over $1,000,000, a total increase of just slightly under 14 times.

[7] The Court in *Chong v. Sunrise Restaurants, LLC*, No. EP-22-CV-00365-FM, 2023 WL 2612612 (W.D. Tex. 2023) came to the opposite conclusion as to whether Plaintiff acted in bad faith prior to removal. However, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, n.7 (2011).

process. Every time she claims that Defendant should have simply known that the amount in controversy was over $75,000 based on the "other paper[s]" Plaintiff submitted to Defendant, including her deposition testimony, Plaintiff impliedly admits that she in fact *knew* the amount in controversy was over $75,000.

Courts in this circuit and even in this district have found that "[c]onduct rises to the level of 'bad faith' when a party makes a transparent attempt to avoid federal jurisdiction." *Lujan*, 2016 WL 8857008, at *5. Additionally, "[b]ad faith is imputed when the court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal." *Vallecillo*, 2017 WL 9935522, at *2. Here, Plaintiff's tactics amount to nothing more than a naked attempt to avoid federal jurisdiction, and a deliberate failure to disclose the actual amount in controversy at every juncture.

Tangential to the issue at hand, but important nonetheless, the Court is aware that Plaintiff's attorney routinely, through "gimmicks and artful maneuvering," attempts to "straitjacket" or deprive nonresident defendants of their legitimate entitlements to removal. *Dyer*, 2021 WL 3813367, at *4. In at least two other cases, Plaintiff's attorney has engaged in a similar maneuver in which Plaintiff's attorney plead an amount below the jurisdictional threshold of the federal court, either $74,000 or $74,500 and then drastically increased the damages amount after the one-year jurisdictional bar.[8] *See Chong v. Sunrise Restaurants*, LLC, No. EP-22-CV-00365-FM, 2023 WL 3467786 (W.D. Tex. 2023); *See* Notice of Removal, *Ceballos v. Walmart Stores Texas*, 3:23-CV-00429-KC (W.D. Tex., El Paso Div., Nov. 27, 2023), ECF No. 1.

---

[8] The Court lists these other cases to show that this is not the first time that Plaintiff's attorney has engaged in such behavior, although other courts have not necessarily characterized it as "bad faith."

This Court will not continue to allow defendants to be deprived of their right to remove to federal court when such antics are employed.  For all the above reasons, the Court finds that although Defendant did remove the case to federal court outside of the one-year statutory bar on removal, Plaintiff acted deliberately to prevent removal within the one-year timeframe, and therefore the bad faith exception applies.

### C. The amount pleaded in Plaintiff's original petition was binding on Plaintiff until December 19, 2023

The Court will next address the issue of the binding stipulation.  Plaintiff in her Motion argues that her original state court petition does not contain a "binding stipulation."  Mot. 9, ECF No. 5.  Defendants, on the other hand, believe that Plaintiff's original petition did contain "a binding stipulation as to the amount of damages she was seeking."  Resp. 7, ECF No. 6.  Plaintiff argues that "[i]n Texas, a statement in the petition limiting damages to $75,000 or less does not preclude removal since it is not binding and litigants who want to prevent removal must file a binding stipulation or affidavit with their petition."  Mot. 9, ECF No. 5.  Defendant responds by saying that Plaintiff did in fact "stipulate that she was not seeking more than $74,500 in damages."  Resp. 7, ECF No. 6.  And that this "binding stipulation remained in effect until December 16, 2023, when Plaintiff made unequivocal affirmations that the amount of damages she was seeking was beyond $75,000."  *Id.*  The Court once again agrees with Defendant on this point.

Plaintiff's original petition contained the language "Plaintiff seeks monetary relief of no more than $74,500 exclusive of interests and costs.  The amount in controversy in this case does not exceed the value of $74,500 exclusive of interests and costs."  Resp. 8, ECF No. 6; *see also* Original Pet. 6, Ex. A, ECF No. 1.  This language is binding on Plaintiff and precluded removal

to federal court at the time of original filing. Plaintiff, by including this binding stipulation, in effect promised the Court that she would not seek nor accept any recovery above the $74,500 which she pleaded originally.

However, when Plaintiff amended her Original Petition, as Texas law *does* permit, *see Chong*, 2023 WL 2612612, at *5 (Texas law permits a Plaintiff "to request an increased amount of damages at any time before a final judgment is entered, even after a jury verdict."), her original stipulation ceased to be binding, which could then allow Defendant to remove to federal court. *See Ford*, 2014 WL 6491446, at *2 ("[i]n Texas, although pleadings are regarded as judicial admissions, they generally are no longer binding judicial admissions if abandoned, superseded, or amended.").

Once again, Plaintiff is attempting to have her cake and eat it, too. Plaintiff bound herself to $74,500 in an attempt to avoid removal to federal court, and then shortly after the one-year statutory period had run, sent a demand letter for more than ten times that amount and filed her amended petition for nearly fourteen times the original amount. Plaintiff cannot have it both ways. Therefore the stipulation *was* binding on Plaintiff until she amended her original petition on December 19, 2023.

### D. Remand is not proper because there was federal jurisdiction at the time of removal and the bad faith exception applies

Plaintiff's final argument in her Motion is that "remand is appropriate and attorney's fees, costs, and expenses [be] awarded to Plaintiff." Mot. 10, ECF No. 5. As mentioned previously, federal courts have limited jurisdiction. "Removal statutes are to be construed strictly against removal and for remand." *Bosky*, 288 F.3d at 211. Because "[r]emoval raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of

removal should be resolved in favor of remand." *Gunn v. Minton,* 568 U.S. 251, 256 (2013). "The district court is required to remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case." *Fernando Garcia,* 589 F.Supp.2d at 800.  However, "[i]f a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish that it is 'legally certain that his recovery will not exceed' the jurisdictional threshold." *Wilson,* 2013 WL 5803816, at *2.

The Court disagrees with Plaintiff and believes that remand is not appropriate in the instant case.   Removal was proper because the bad faith exception applied to the timeliness issue related to Defendant's removal of this case.  Further, at the time of removal, this Court did have jurisdiction.  While this Court is very conscious of federalism concerns and does not wish to step on the toes of the state courts, it believes that this case was properly removed and this Court maintains jurisdiction.  Further, Plaintiff cannot "establish that it is 'legally certain that his recovery will not exceed' the jurisdictional threshold." *Wilson,* 2013 WL 5803816, at *2.  Prior to removal, Plaintiff sent a demand letter to Defendant requesting $800,000 in damages, and three days later amended her original petition to request more than $1 million dollars. *See* Demand Letter, Ex. C, ECF No. 1; Am. Pet., Ex. D, ECF No. 1.  Plaintiff's own requests have made it impossible for her to effectively establish that her recovery will not exceed the jurisdictional threshold.  For these reasons, remand is not appropriate in this case, and no attorney's costs and fees will be awarded to Plaintiff.

## V.    CONCLUSION

Plaintiff Esmeralda Velasco moved this Court to remand her case back to the 205th District Court in El Paso County, Texas.  Plaintiff argues that Defendant untimely removed this

case to federal court, outside of the one-year bar on removal, and that remand and attorney's fees are the only appropriate remedy in this case. Defendant argues that Plaintiff acted in bad faith by purposely failing to disclose the true amount in controversy exceeding the $75,000 threshold until after the one-year period allowing removal had passed.

The Court finds that Plaintiff acted in bad faith when she concealed the true amount in controversy, and increased the damages requested in her binding stipulation of $74,500 to more than $1 million over the fourteen months this case was in state court. The Court also finds that the court did have jurisdiction over the case at the time of removal, as all the requirements for diversity jurisdiction had been met. The Court therefore denies Plaintiff's "Motion to Remand, Response in Opposition to Defendant's Notice of Removal, and In the Alternative, Motion to Enter *Sua Spone* (sic) Order," ECF No. 5.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Esmeralda Velasco's "Motion to Remand, Response in Opposition to Defendant's Notice of Removal, and In the Alternative, Motion to Enter *Sua Spone* (sic) Order," ECF No. 5, is **DENIED**.

SIGNED this 27th day of **September 2024**.

_____
THE HONORABLE DAVID BRIONES
**SENIOR UNITED STATES DISTRICT JUDGE**